## LONG & ALLSTATTER CO et v WILLIS

Ohio Appeals, 1st Dist, Hamilton Co

Decided February, 1933

Williams, Sohngen, Fitton & Pierce, Hamilton, Harmon, Colston, Goldsmith & Hoadley, Cincinnati, for Pogue, Hoffheimer & Pogue, Cincinnati, for plaintiffs in error.

Coleman Avery, Cincinnati, and Iddings & Iddings, Dayton, for defendants in error.

### OPINION

By THE COURT

Submitted on applicaion of plaintiffs in error for rehearing.

We have examined the brief of the application and concede that the question presented is not free from difficulty and that we acted quickly upon the former hearing because Judge Allread was leaving the Bench. However, we have since the rehearing given the case further and more mature consideration and are still of the opinion that the trial court entered a proper judgment.

We have held that res adjudicata is not well pled in the answer; that the defense, if any, which is asserted was that of ultra vires, i.e., that the Long & Allstatter Company was without the power to execute the bond. There is no bill of exceptions properly before us, so that every reasonable intendment favoring the action of the trial court must be indulged. The court took testimony upon the motion of defendant in error to strike the pleadings as shown. The court could, upon this evidence properly have found that the bond in question was executed and delivered by The Long & Allstatter Company, accepted by the clerk of the Court of Appeals and that it served the purpose of a supersedeas bond and that a denial of these facts was sham pleading.

The effect of the statute on the pleadings was not appreciated by this court until the former rehearing. §8623-8, GC provides:

"No limitation on the exercise of the authority of the corporation shall be asserted in any action between the corporation and any person, except by or on behalf of the corporation against a director or an officer or a person having actual knowledge of such limitation."

We are of the opinion that The Long & Allstatter Company, having executed the supersedeas bond, before it can be heard to assert a limitation on its exercise of authority must plead that the person against whom it is asserted comes within one of the exceptions of the statute. This exception was not pleaded and the language of the statute in conjunction with the other facts which the court could properly have found on the motion disposes of the third defense of The Long & Allstatter Company, which is the defense upon which we based our reversal in our first opinion.

We therefore adhere to our former opinion on rehearing. The application for rehearing will be denied.

HORNBECK, PJ, and KUNKLE, J, concur.